# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Seth H. Steinman, :
:
Petitioner :
:
v. : No. 255 M.D. 2018
: Submitted: January 11, 2019
Tyree C. Blocker, Commissioner of the :
Pennsylvania State Police, of the :
Commonwealth of Pennsylvania, :
:
Respondent :

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge
HONORABLE ROBERT SIMPSON, Judge[1]
HONORABLE MICHAEL H. WOJCIK, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                                    FILED:  November 15, 2019

Before this Court in our original jurisdiction is an application for summary relief (Application) filed by Seth H. Steinman (Steinman), proceeding *pro se*, in connection with his petition for writ of mandamus (Petition) filed against Tyree C. Blocker, former Commissioner of the Pennsylvania State Police (PSP). Steinman challenges his sex offender registration obligations under the Act of February 21, 2018, P.L. 27, 42 Pa. C.S. §§9799.10 - 9799.75 (commonly known as "Act 10"),[2] which was the version of the sexual offender registration law in effect

---

[1] This matter was assigned to this panel before September 1, 2019, when Judge Simpson assumed the status of senior judge.

[2] Act 10 replaced the Sexual Offender Registration and Notification Act, 42 Pa. C.S. §§9799.10-9799.41, which is commonly referred to as SORNA.  The evolution of the law in this **(Footnote continued on next page…)**

at the time he filed his Petition.  Steinman asks this Court to declare that he is not required to register as a sex offender with the PSP pursuant to Act 10 and that Act 10 is unconstitutional as applied to him pursuant to *Commonwealth v. Muniz*, 164

---

**(continued…)**

regard was precisely stated in *Dougherty v. Pennsylvania State Police*, 138 A.3d 152 (Pa. Cmwlth. 2016):

> Courts have also referred to SORNA as the Adam Walsh Act. SORNA is the General Assembly's fourth enactment of the law commonly referred to as Megan's Law.  Megan's Law I, the Act of October 24, 1995, P.L. 1079 (Spec. Sess. No. 1), was enacted on October 24, 1995, and became effective 180 days thereafter. Megan's Law II[, the Act of May 10, 2000, P.L. 74,] was enacted on May 10, 2000[,] in response to Megan's Law I being ruled unconstitutional by our Supreme Court in *Commonwealth v. Williams*, . . . 733 A.2d 593 ([Pa.] 1999).  Our Supreme Court held that some portions of Megan's Law II were unconstitutional in *Commonwealth v. Gomer Williams*, . . . 832 A.2d 962 ([Pa.] 2003), and the General Assembly responded by enacting Megan's Law III[, the Act of November 24, 2004, P.L. 1243,] on November 24, 2004.   The United States Congress expanded the public notification requirements of state sexual offender registries in the Adam Walsh Child Protection and Safety Act of 2006, 42 U.S.C. §§16901-16945, and the Pennsylvania General Assembly responded by passing SORNA on December 20, 2011[,] with the stated purpose of "bring[ing] the Commonwealth into substantial compliance with the Adam Walsh Child Protection and Safety Act of 2006."  42 Pa. C.S. §9799.10(1).  SORNA went into effect a year later on December 20, 2012.  Megan's Law III was also struck down by our Supreme Court for violating the single subject rule of Article III, Section 3 of the Pennsylvania Constitution. *Commonwealth v. Neiman*, . . . 84 A.3d 603, 616 ([Pa.] 2013). However, by the time it was struck down, Megan's Law III had been replaced by SORNA.

*Dougherty*, 138 A.3d at 155 n.8.

A.3d 1189 (Pa. 2016), *cert. denied*, 138 S. Ct. 925 (2018).[3]  During the pendency of this matter, the General Assembly reenacted and amended Act 10 by the Act of June 12, 2018, P.L. 140, 42 Pa. C.S. §§9799.10-9799.75 (commonly known as "Act 29"), which is now the operative law.  For the reasons that follow, we grant Steinman's application for summary relief.

### Background

On March 19, 2018, PSP sent Steinman a letter advising him that he may be subject to Act 10's sex offender registration requirements and that he must comply with such requirements by May 22, 2018.  The letter stated, in relevant part:

> Recently Governor Wolf signed into law Act 10 of 2018, which makes significant changes to Pennsylvania's sexual offender registration requirements under 42 Pa. C.S. Chapter 97.  You have been identified as a sexual offender who may be affected by these changes.

Petitioner's Brief, at 4.

In response, on April 12, 2018, Steinman instituted this action by filing his Petition seeking relief from Act 10's sex offender registration requirements.  Steinman claims Act 10 may not be retroactively applied to him.  In his Petition, Steinman avers that, on April 17, 2004, he was found guilty of rape (18 Pa. C.S. §3121), sexual assault (18 Pa. C.S. §3124.1) and simple assault (18

---

[3] In *Muniz*, our Supreme Court declared SORNA to be unconstitutional as applied in that case.  The General Assembly responded to the *Muniz* decision by enacting Act 10, which reenacted and amended SORNA by adding several new provisions.  *See* 42 Pa. C.S. §§9799.42, 9799.51-9799.75.  Act 10 went into effect on February 21, 2018.

3

Pa. C.S. §2701) stemming from an incident that occurred on June 16, 2000.[4] Petition for Writ of Mandamus, ¶4. He was sentenced to 9½ years to 20 years for the rape and sexual assault convictions, and 1 to 2 years for the simple assault conviction.[5] *Id.* He was not found to be a sexually violent predator. *Id.* Steinman was released on parole on November 20, 2017. *Id.* Consequently, he is purportedly now subject to Act 10's registration requirements, which mandate lifetime registration as a sexual offender. *Id.*, ¶5. Steinman asserts that applying Act 10 to his 2000 offense is unconstitutional as applied to him pursuant to *Muniz*, which declared that the prior version of the law was unconstitutional to the extent it violated the ex post facto clauses of both the United States and Pennsylvania Constitutions. *See* U.S. Const. art. I, §9, cl. 3; Pa. Const. art. I, §17.

---

[4] The criminal docket number for these crimes is CP-51-CR-1006661-2000 in the Court of Common Pleas of Philadelphia County. This Court may take judicial notice of official court records and public documents, including the entries in a criminal docket sheet. *See* Pa. R.E. 201(b)(2) (the court may judicially notice a fact that is not subject to reasonable dispute because it can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned); *Germantown Cab Company v. Philadelphia Parking Authority*, 27 A.3d 280, 283 n.8 (Pa. Cmwlth. 2011) (taking notice of the Supreme Court's docket); *Doxsey v. Commonwealth*, 674 A.2d 1173, 1174 (Pa. Cmwlth. 2004) (taking notice of official criminal court records).

[5] Steinman also asserts that he was found guilty of aggravated indecent assault (18 Pa. C.S. §2702) and sentenced to 5 to 10 years of incarceration. Petition for Writ of Mandamus ¶4. However, our review of Steinman's criminal docket reveals that he committed this offense in September 1994, prior to the enactment of any law requiring sex offender registration. The criminal docket number for this crime is CP-51-CR-1108981-1994 in the Court of Common Pleas of Philadelphia County. Consequently, Act 29 does not apply to this offense. *See* 42 Pa. C.S. §9799.52; *see also Smolsky v. Blocker* (Pa. Cmwlth., No. 254 M.D. 2018, filed May 20, 2019).

4

On August 28, 2018, Steinman filed his Application seeking summary relief pursuant to Pennsylvania Rule of Appellate Procedure 1532(b).[6] In his Application and supporting brief, Steinman alleges that Act 10 cannot lawfully be applied to him because the offense occurred in 2000, prior to the lifetime registration requirements. Steinman maintains that Act 10 is just another reenactment of the previous law, which the Supreme Court declared unconstitutional in *Muniz*. Steinman seeks a declaration that Act 10 is unconstitutional as applied to his sex offender registration status.

In response, PSP argues that Steinman is not entitled to summary relief because: (1) *Muniz*'s holding does not apply to Act 10 because Act 10 was enacted after, and in response to, *Muniz*; and (2) Act 10 is not punitive and does not violate the ex post facto clauses of the United States and Pennsylvania Constitutions. PSP does not dispute that Steinman was found guilty of rape, sexual assault and simple assault, the sentences imposed for these convictions, or the dates of the commission of the crimes or Steinman's convictions. Respondent's Answer and New Matter, ¶4. PSP admits that Steinman was not found to be a sexually violent predator. *Id.*

Steinman challenges his registration obligations under Act 10, which was the version of the statute in effect at the time he filed his Petition. Shortly before Steinman filed his Application, on June 12, 2018, the General Assembly reenacted and amended some provisions of Act 10 in Act 29, which went into effect immediately. Because Act 29 replaced Act 10, Act 29 is now the only

---

[6] Pa. R.A.P. 1532(b) provides: "At any time after the filing of a petition for review in an appellate or original jurisdiction matter[,] the court may on application enter judgment if the right of the applicant thereto is clear."

statute under which Steinman can be compelled to register as a sex offender consistent with PSP's assertion that Steinman is subject to the most current version of the sex offender registration statute. Consequently, we review Steinman's registration obligations under Act 29.[7]

Section 9799.55 of Act 29 sets forth the registration requirements for various categories of sex offenders. 42 Pa. C.S. §9799.55. Of relevance here, Section 9799.55 imposes lifetime registration for "Individuals convicted . . . in this Commonwealth of the following offenses, if committed on or after April 22, 1996, but before December 20, 2012: 18 Pa. C.S. §3121 (relating to rape); . . . [and] 18 Pa. C.S. §3124.1 (relating to sexual assault) . . . ." 42 Pa. C.S. §9799.55(b)(2)(i)(A). This section applies to individuals who "committed an offense . . . on or after April 22, 1996, but before December 20, 2012, and whose period of registration as set forth in 42 Pa. C.S. §9799.55 has not expired." Section 21(2) of Act 29.[8] Under Act 29, an individual who is subject to registration under

_____

[7] The parties' arguments regarding the applicability of the registration requirements under Act 10 are readily transferrable to the applicability of the registration requirements under Act 29.

[8] Section 21(2) of Act 29 more fully provides:

> The reenactment or amendment of 18 Pa.C.S. § 4915.2 and 42 Pa.C.S. Ch. 97 Subch. I[, 42 Pa.C.S. §9799.51-9799.75,] shall apply to:
>
> (i) An individual who committed an offense set forth in 42 Pa.C.S. § 9799.55 on or after April 22, 1996, but before December 20, 2012, and whose period of registration as set forth in 42 Pa.C.S. § 9799.55 has not expired.
>
> (ii) An individual required to register with the [PSP] under a former sexual offender registration law of this Commonwealth as set forth in 42 Pa.C.S. § 9799.55(a)(1)(i), (b)(2) and (4).

**(Footnote continued on next page…)**

6

42 Pa. C.S. §9799.55(b), or who was subject to registration under *former* 42 Pa. C.S. §9793 (relating to registration of certain offenders for 10 years) must register as a sex offender. *See* 18 Pa. C.S. §4915.2(a).

By its plain terms, Act 29's registration requirements purportedly apply to Steinman because he was convicted of rape and sexual assault for offenses he committed on June 16, 2000, which is *after April 22, 1996, but before December 20, 2012*. At the time of commission and conviction, Steinman was subject to registration under *former* 42 Pa. C.S. §9793 (relating to registration of certain offenders for 10 years). Steinman's period of registration has not expired.

We now examine Steinman's basis for summary relief. Steinman maintains that the current law is unconstitutional as applied to him under *Muniz* because it is a retroactive application of registration requirements and, as such, constitutes an improper ex post facto law.

Under Pa. R.A.P. 1532(b), this Court may grant an application for summary relief "if a party's right to judgment is clear and no material issues of fact are in dispute." *Jubelirer v. Rendell*, 953 A.2d 514, 521 (Pa. 2008); *Gregory v.*

---

**(continued…)**

(iii) Before or after February 21, 2018, an individual who:

(A) commits an offense subject to 42 Pa.C.S. Ch. 97 Subch. H[, 42 Pa. C.S. §§9799.10-9799.42]; but

(B) because of a judicial determination on or after February 21, 2018 of the invalidity of 42 Pa.C.S. Ch. 97 Subch. H, is not subject to registration as a sexual offender.

Unlike the other sections of Act 29, Section 21 was not codified.

*Pennsylvania State Police*, 185 A.3d 1202, 1205 (Pa. Cmwlth. 2018). "When ruling on an application for summary relief, we must view the evidence of record in the light most favorable to the non-moving party and enter judgment only if there is no genuine issue as to any material facts and the right to judgment is clear as a matter of law." *Gregory*, 185 A.3d at 1202 (internal quotation and citation omitted). Because there are no material facts in dispute, we examine whether Steinman's right to judgment is clear as a matter of law.

The United States Constitution provides, in pertinent part: "No . . . ex post facto Law shall be passed." U.S. Const. art. I, §9, cl. 3. The Pennsylvania Constitution likewise provides, in pertinent part: "No ex post facto law . . . shall be passed." Pa. Const. art. I, §17. "[T]he ex post facto clauses of the United States and Pennsylvania Constitutions are virtually identical in language, and the standards applied to determine ex post facto violations under both constitutions are comparable." *Commonwealth v. Allshouse*, 36 A.3d 163, 184 (Pa. 2012). But because the Pennsylvania Constitution includes reputation as a fundamental right, our Supreme Court has determined that Pennsylvania's ex post facto clause is "even more protective than its federal counterpart." *Muniz*, 164 A.3d at 1222.

In *Muniz*, the petitioner, who had been convicted of two counts of indecent assault against a minor less than 13 years in age and was required to comply with SORNA's lifetime registration requirements, challenged the requirement as punitive and unconstitutional. At the time of his conviction, Megan's Law III required registration with PSP for 10 years following the release from incarceration. *Muniz*, 164 A.3d at 1193 (citing *former* 42 Pa. C.S. §9795.1). However, the petitioner absconded before sentencing. By the time that he was apprehended and sentenced several years later, SORNA was in effect. SORNA

8

established a three-tiered system for classifying sexual offenses. *See* 42 Pa. C.S. §9799.14.[9] Under SORNA's new classification system, the petitioner was classified as a Tier III offender and was subject to a lifetime registration requirement for his offenses. *Muniz*, 164 A.3d at 1194, 1236. The petitioner challenged SORNA on the basis that it unconstitutionally increased the length of registration and notification requirements for sex offenders subject to its retroactive application.

The Pennsylvania Supreme Court determined that the retroactive application of SORNA's new tier system violated constitutional ex post facto proscriptions, to the extent that it imposed a lifetime registration requirement that was not applicable when the petitioner committed his crimes. *Muniz*, 164 A.3d at 1196. The Court's analysis stressed that "individuals are entitled to 'fair warning' about what constitutes criminal conduct, and what the punishments for that conduct entail." *Id.* at 1195 (citing *Miller v. Florida*, 482 U.S. 423 (1987); *Commonwealth v. Rose*, 127 A.3d 794 (Pa. 2015)). "'Critical to relief under the Ex Post Facto Clause is not an individual's right to less punishment, but the lack of fair notice and governmental restraint when the legislature increases punishment

---

[9] The General Assembly reenacted and amended SORNA's three-tiered system in Act 29. Those convicted of Tier I offenses, which include unlawful restraint, false imprisonment and video voyeurism, are subject to registration for a period of 15 years and are required to verify their registration information and be photographed, in person at an approved registration site, annually. 42 Pa. C.S. §9799.14(b); 42 Pa. C.S. §9799.15(a)(1), (e)(1). Those convicted of Tier II offenses, which include statutory sexual assault, trafficking, and prostitution, are subject to registration for a period of 25 years and are required to verify their registration information and be photographed, in person at an approved registration site, semi-annually. 42 Pa. C.S. §9799.14(c); 42 Pa. C.S. §9799.15(a)(2), (e)(2). Those convicted of Tier III offenses, which include rape, sexual assault, aggravated indecent assault, are subject to lifetime registration and are required to verify their registration information and be photographed, in person at an approved registration site, quarterly. 42 Pa. C.S. §9799.14(d); 42 Pa. C.S. §9799.15(a)(3), (e)(3).

*beyond what was prescribed when the crime was consummated.*'" *Id.* (quoting *Weaver v. Graham*, 450 U.S. 24, 30 (1981)) (emphasis added). Thus, the Court determined that SORNA's registration requirements as applied were unconstitutional. *Id.*

Based on *Muniz*, we must determine whether Act 29's lifetime registration and reporting requirements for rape and sexual assault would impose greater punishment on Steinman than the law in effect at the time he committed and was convicted of his crimes. At the time Steinman committed his offenses in June 2000, Megan's Law I was in effect. Megan's Law I required a "person convicted" of rape (18 Pa. C.S. §3121) to register with PSP upon his release from incarceration. *See former* Section 9793 of Megan's Law I, *formerly* 42 Pa. C.S. §9793.[10] There was no registration period required for sexual assault (18 Pa. C.S.

---

[10] This section provided:

  (a) Registration.—*A person convicted of any of the offenses set forth in subsection (b)* shall be required to register a current address with the [PSP] upon release from incarceration, upon parole from a State or county correctional institution or upon the commencement of a sentence of intermediate punishment or probation. *The period of registration shall be ten years.*

  (b) Persons required to register.—

  * * *
  (2) Persons convicted of any of the following offenses regardless of the age of the victim:

      18 Pa. C.S. §3121 [(relating to rape)].
      18 Pa. C.S. §3123 [(relating to involuntary deviate sexual intercourse)].
      18 Pa. C.S. §3125 [(relating to aggravated indecent assault)].

**(Footnote continued on next page…)**

§3124.1). *See id.* At the time Steinman was convicted of rape in November 2004, Megan's Law II was in effect. Megan's Law II retained the same 10-year reporting requirement for a person convicted of rape and no requirement for sexual assault. *See former* Section 9793(a) of Megan's Law II, *formerly* 42 Pa. C.S. §9793.[11] Under prior law, Steinman was required to register with PSP as a sex offender for a limited period of 10 years upon his release from incarceration.

---

**(continued…)**

> 18 Pa. C.S. §3128(a) and (b) (relating to spousal sexual assault).

*Former* 42 Pa. C.S. §9793 (emphasis added).

[11] Like its predecessor, Section 9793 of Megan's Law II provided:

> (a) Registration.–*A person convicted of any of the offenses set forth in subsection (b)* shall be required to register a current address with the [PSP] upon release from incarceration, upon parole from a State or county correctional institution, upon the commencement of a sentence of intermediate punishment or probation or where the offender is under the supervision of the Pennsylvania Board of Probation and Parole at the time of enactment of this section, within 30 days of the date of enactment of this section. Where the offender has been granted parole by the Pennsylvania Board of Probation and Parole, the board shall collect registration information from the offender and forward that registration information to the [PSP]. The Department of Corrections shall not release the offender until it receives verification from the [PSP] that it has received the registration information. Where the offender is scheduled to be released from a State correctional facility due to the expiration of the maximum term of incarceration, the Department of Corrections shall collect the information from the offender no later than ten days prior to the maximum expiration date. The Department of Corrections shall forward the registration information to the [PSP]. Where the offender scheduled to be released due to the maximum expiration date refuses to provide the registration information, the

**(Footnote continued on next page…)**

Like *Muniz*, this case implicates the ex post facto clauses of the United States and Pennsylvania Constitutions because application of Act 29's lifetime registration and reporting requirements for rape and sexual assault inflicts greater punishment on Steinman than the law in effect at the time that he

---

**(continued…)**

> Department of Corrections shall notify the [PSP] of the failure to provide registration information and of the expected date, time and location of the release of the offender. The chief county probation and parole official in cooperation with a county correctional facility shall, in accordance with established guidelines, obtain the required information contained in section 9799.2(2) (relating to duties of Pennsylvania Board of Probation and Parole) regarding offenders released from a county sentence and to submit the information to the Pennsylvania Board of Probation and Parole and the [PSP]. The offender in a county correctional facility shall not be released from incarceration or released to a sentence of probation or intermediate punishment until the information has been obtained and submitted as required. The offender shall inform the [PSP] within ten days if the offender changes residence. The offender shall register with a new law enforcement agency no later than ten days after establishing residence in another state. *The period of registration shall be ten years*.
>
> (b) Persons required to register.—
>
>         \* \* \*
>
>     (2) Persons convicted of any of the following offenses regardless of the age of the victim:
>
> > 18 Pa. C.S. §3121 [(relating to rape)].
> > 18 Pa. C.S. §3123.
> > 18 Pa. C.S. §3125.
> > 18 Pa. C.S. §3128(a) and (b) (relating to spousal sexual assault).

*Former* 42 Pa. C.S. §9793 (emphasis added).

committed, and was convicted of, his crimes. *See Muniz*, 164 A.3d at 1193-96, 1216.

Accordingly, we grant Steinman's Application and declare that Steinman is not subject to Act 10's or Act 29's lifetime registration and reporting requirements.

_____
MICHAEL H. WOJCIK, Judge

Senior Judge Simpson concurs in result only.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Seth H. Steinman,                            :
                                             :
                    Petitioner               :
                                             :
            v.                               : No. 255 M.D. 2018
                                             :
Tyree C. Blocker, Commissioner of the        :
Pennsylvania State Police, of the            :
Commonwealth of Pennsylvania,                :
                                             :
                    Respondent               :

**O R D E R**

AND NOW, this 15th day of November, 2019, we GRANT Seth H. Steinman's Application for Summary Relief and DECLARE that he is not subject to the registration and reporting requirements of the Act of February 21, 2018, P.L. 27, or the Act of June 12, 2018, P.L. 140, 42 Pa. C.S. §§9799.10-9799.75, and that the Pennsylvania State Police shall not require Steinman to register or report pursuant to those acts.[12]

_____
MICHAEL H. WOJCIK, Judge

_____

[12] This order effectively disposes of Steinman's Application for Relief, filed on September 27, 2019, in which he raised no new substantive issues but merely requested that this Court rule upon his Application for Summary Relief.